UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES,

      v.

TIMOTHY TUNDO,                    21-CR-133-LJV-MJR
                                         DECISION & ORDER
         Defendant.

_____

       The defendant, Timothy Tundo, has been charged in an eight-count superseding indictment with possessing with intent to distribute at least ten grams of LSD (count 1), possessing with intent to distribute marijuana (count 2), maintaining a drug involved premises (count 3), possessing an unregistered firearm (counts 4 and 5), unlawfully possessing machineguns (count 6), possessing firearms in furtherance of drug trafficking crimes (count 7), and possessing machineguns in furtherance of drug trafficking crimes (count 8). Docket Item 85. On October 28, 2024, Tundo moved to suppress physical evidence obtained as a result of a search warrant.[1] Docket Item 118. The government responded, Docket Item 119, and Tundo replied, Docket Item 120.

       On January 14, 2025, United States Magistrate Judge Michael J. Roemer issued a Report and Recommendation ("R&R") recommending that Tundo's motion to suppress be denied. Docket Item 122; *see* Docket Item 17 (referring case to Judge Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B)). Tundo objected to

---

[1] Tundo previously moved to suppress evidence, Docket Item 88, and this Court denied that motion without prejudice to allow Tundo to review additional disclosures related to the search warrant affidavit, Docket Item 111.

the R&R, Docket Item 125; the government responded, Docket Item 127; and Tundo replied, Docket Item 129.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 USC § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court must review de novo those portions of a magistrate judge's recommendations to which a party objects. *Id*.

This Court has carefully and thoroughly reviewed the R&R; the objection, response, and reply; and the materials submitted to Judge Roemer. Based on that de novo review and for the reasons that follow, this Court accepts and adopts Judge Roemer's recommendation to deny Tundo's motion to suppress.

## **DISCUSSION**[2]

Tundo moved to suppress physical evidence recovered on February 23, 2021, during a search of his person, his vehicle, and his residence located at 4891 Linden Road, in Bethany, New York. Docket Item 118; *see* Docket Item 122 at 3. Law enforcement executed the search under a warrant issued by Acting Genesee County Court Judge Thomas Williams on February 19, 2021. *See* Docket Item 99. Judge Williams issued that warrant based on an application submitted by Sergeant James Diehl of the Genesee County Sheriff's Office. *See id.*

Tundo first argues that the search warrant application was constitutionally infirm because it stated that there was "reasonable cause"—as opposed to "probable cause"—to search. *See* Docket Item 118 at 4. According to Tundo, "reasonable

---

[2] The Court assumes the reader's familiarity with the factual background and Judge Roemer's analysis in the R&R. *See* Docket Item 122.

cause—often used interchangeably with reasonable suspicion—is a standard of evidence that is lower than probable cause, which is the standard required by the Fourth Amendment for searches and seizures." *Id.*

Judge Roemer rejected that argument, noting first that Tundo had "provide[d] no authority for his claim that 'reasonable cause' is a standard lower than probable cause." Docket Item 122 at 4; *see also Kee v. City of New York*, 12 F.4th 150, 159 (2d Cir. 2021) ("'reasonable cause' as used in N.Y. Crim. Proc. Law § 140.10(1) is equivalent to 'probable cause'" (quoting *People v. Johnson*, 66 N.Y.2d 398, 402 n.2, 488 N.E.2d 439, 442 n.2 (1985))). And "irrespective of the language used by Sergeant Diehl or his own understanding of the legal standard," Judge Roemer found, "the Fourth Amendment standard of probable cause was plainly met here." *Id.* at 5. What is more, "the warrant clearly state[d] that it was issued based upon a finding of *probable cause* after reviewing the affidavit of Sergeant Diehl." *Id.* (emphasis added); *see* Docket Item 99 at 1 (stating that "there is probable cause for believing that the described property may be found in the residence described below"). This Court agrees entirely with Judge Roemer's analysis for the reasons he provided.

Second, Tundo argues that there was insufficient evidence to support issuance of the warrant and that the good faith exception does not apply because the warrant was facially deficient. Docket Item 120 at 1-2; Docket Item 125 at 1; *see United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011) (exception to presumption of reasonableness "where the warrant is so facially deficient that reliance upon it is unreasonable" (quoting *United States v. Moore,* 968 F.2d 216, 222 (2d Cir. 1992))). More specifically, Tundo

3

argues that the warrant was facially deficient because it did not incorporate Sergeant Diehl's affidavit or the depositions of the confidential source.  See Docket Item 125 at 3.

Judge Roemer disagreed, finding that "even if the search warrant had been issued without sufficient probable cause, which it was not, the good faith exception to the exclusionary rule would prevent suppression here."  Docket Item 122 at 7.  In contrast to the case on which Tundo relied, Judge Roemer observed that "the face of the warrant does not lack particularity."  Id. at 7 n.2; cf. United States v. George, 975 F.2d 72, 75 (2d Cir. 1992) (finding that warrant containing "broad authorization to search for 'any other evidence relating to the commission of a crime' plainly is not sufficiently particular with respect to the things to be seized because it effectively granted the executing officers[] virtually unfettered discretion to seize anything they [saw]" (citation and some internal quotation marks omitted)).  In fact, Judge Roemer found, "[t]he warrant itself was particular in its terms and officers carrying out the search did not need further guidance from the affidavit or supporting depositions to know what items to seize."[3]  Docket Item 122 at 7 n.2.  As a result, Judge Roemer concluded, "any lack of

---

[3] See Docket Item 99 at 1 (authorizing law enforcement "to search for the following described property: illegal firearms, illegal firearm accessories, illegal ammunition, methamphetamine, LSD, marihuana and other controlled substances, instrumentalities used for the sale of or possession of and packaging of methamphetamine, LSD, marihuana or other controlled substances, records (including electronic records) and other items, including keys, relating to the ownership, possession & sale of methamphetamine or the occupancy or ownership of residence(s) described above, quantities of U.S. currency, paraphernalia, and chemicals, and equipment used for the manufacture, packaging, weighing, processing, reprocessing and distribution of methamphetamine (including but not limited to, chemicals, glassware, scales, heat sources, plastic bags, filters, rubber tubing, utensils, acids, cold medication, and other materials commonly used to manufacture methamphetamine)").

incorporation by reference is immaterial." *Id.* This Court again agrees with Judge Roemer's assessment.

This Court therefore adopts in its entirety Judge Roemer's recommendation to deny Tundo's motion to suppress.

## **CONCLUSION**

For the reasons stated above and in the R&R, Tundo's motion to suppress, Docket Item 118, is DENIED.

SO ORDERED.

Dated: May 2, 2025
        Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE